## MANN *vs.* RICE.

Notice to the clerk to enter the appearance of the defendant is a proper charge, on the taxation of costs, where the defendant's solicitor did not attend the office in person, to have the appearance entered. But the solicitor is not entitled to an allowance for attendance upon entering such appearance.

An engrossment of an affidavit which is not to be filed, is not taxable.

The costs of an unsuccessful motion, or of an unsuccessful resistance to a motion, are not taxable against the adverse party as costs in the cause, unless a direction to that effect is contained in the order of the court. But the costs of a successful resistance to a motion are properly allowable, if the order denying the motion contains nothing to the contrary.

A defendant is not entitled to charge for a copy of his answer, to be used in opposing a motion, unless for some special reason, other than the negligence of his solicitor, it becomes necessary to make a new copy for that purpose.

Where the costs of a motion to dissolve an injunction are reserved until the hearing, they will abide the event of the suit, in case no special directions are given at the hearing. And if the event of the suit shows that in justice and equity the injunction never should have been granted, the defendant is entitled to the costs of the motion to dissolve it, as costs in the cause.

A charge for a brief, upon the settlement of interrogatories, is not taxable.

But a party is entitled to charge for solicitor and counsel attending upon the settlement of interrogatories, and arguing the same; that being, in substance, a reference, according to the practice of the court, to a master to settle the interrogatories.

But the settlement of the interrogatories and cross-interrogatories should take place at the same time, and form but one proceeding. And after the interrogatories have been settled, the party is not entitled to charge for fees to solicitor and counsel upon the settlement of cross-interrogatories, at a subsequent time.

Copies of cross-interrogatories, as settled, for the party proposing them, and for the adverse party, are chargeable. But a notice that the copy served is a copy is not allowable.

A solicitor who serves a paper on the adverse party cannot be allowed an extra charge for giving him notice that the paper served is what it purports to be.

A notice, to the opposite solicitor, of the order to close the proofs, is not taxable. But a notice to the examiner, of the entering of such order, is proper.

After a bill has been dismissed, with costs, a copy of the opinion of the vice chancellor is not wanted by the defendant's solicitor for any of the purposes of the suit, and ought not to be charged to the adverse party, upon taxation.

THIS case came before the chancellor upon the appeals of both parties from the taxation of the defendant's costs, by a vice chancellor, upon a dismissal of the complainant's bill with costs. Eighty-two items of the costs were objected to on the taxation;

Mann v. Rice.

some of which were allowed and others disallowed by the vice chancellor; and some were allowed by him only in part. The complainant appealed as to all the items which were not wholly rejected, and the defendant as to all the items which were not wholly allowed.

*B. F. Agan*, for the complainant.

*J. W. Thompson*, for the defendant.

THE CHANCELLOR. The affidavit which was used to sustain the objections upon the taxation, is so peculiarly framed that it is in most cases difficult to say whether the deponent meant to swear that he knew the disbursements charged were not made, or the services were not performed, or that he believed they were not; or merely intended to *object* that the disbursements were not made, or the services charged were not performed, or that they were unnecessary; or whether he meant to swear by Paige's Reports, that in point of law the charges were not taxable, even if the services were in fact performed or the disbursements actually made. And if the affidavit annexed to the bill of costs had been in the usual form, showing that the services charged were all actually performed and that the disbursements charged had in fact been made, I think the taxing officer should have rejected the affidavit on the other side altogether, except as containing written objections to particular items; and also excepting cases where the complainant's solicitor had sworn positively to facts within his own knowledge. But the affidavit annexed to the bill shows that, as to some of the charges, the deponent has not the means of knowing whether they are correctly charged against the complainant or otherwise. As to most of the items, therefore, which depended upon matters of fact, I think there is no ground for disturbing the decision of the taxing officer.

The notice to the clerk to enter the appearance of the defendant was a proper charge, if the defendant's solicitor did not attend the office in person to have the appearance entered.

Mann v. Rice.

But the fifty cents, charged for the attendance of the solicitor upon entering the appearance, should have been rejected; as no allowance for such an attendance is contained in the fee bill.

Most of the charges for admissions of the service of papers, disallowed by the taxing officer, were not taxable under the decisions of this court in *Rogers* v. *Rogers*, (2 *Paige's Rep.* 465,) and *Putnam* v. *Ritchie*, (7 *Idem*, 44.) But the affidavit of the service of the cross-interrogatories, which was rendered necessary in consequence of the denial of the complainant's solicitor that he had been served with a copy of interrogatories on the part of the defendant, ought to have been allowed on the taxation. An engrossment of the affidavit, which was not to be filed, is not taxable.

The charges for brief and fee in attending to oppose the motion for a commission to examine J. J. Mann as a witness for the complainant, were properly rejected by the taxing officer, although the services were actually performed. For the costs of an unsuccessful motion, or of an unsuccessful resistance to a motion, are not taxable against the adverse party, as costs in the cause, unless a decision to that effect is contained in the order of the court. (2 *Barb. Pr.* 337. 1 *Sim. & Stu. Rep.* 357.) But the costs of the successful resistance to a subsequent motion for a commission were properly allowed; as no direction to the contrary was contained in the order denying the motion. (2 *Paige's Rep.* 52.) The charge for a copy of the answer to be used in opposing that motion, however, was properly disallowed. For the extra copy of the answer which is always allowed to the party to keep, should be used in all cases where it is necessary to exhibit a copy to the court upon the making or opposing of a motion; unless, for some special reason, other than the mere negligence of the solicitor, it becomes necessary to make a new copy to be used upon the motion.

The question as to the costs of the defendant's unsuccessful motion to dissolve the injunction, was expressly reserved until the hearing. In other words, those costs were to abide the event of the suit, if no special directions were given at the hearing. And as the event of the suit showed that the injunc-

Mann *v.* Rice.

tion should have been dissolved, or rather that in justice and equity it never should have been granted, I think the vice chancellor was right in allowing the costs of that application, as costs in the cause. But he was also right in rejecting the charges for the unsuccessful attempt to bring on the motion at Sandy Hill, while the judge was engaged in the business of his circuit ; as well as the charge for copies of the pleadings.

The charge for a brief upon the settlement of interrogatories, was properly disallowed ; as no allowance for such a service is found in the fee bill. But the charges for solicitor and counsel attending upon the settlement of interrogatories and arguing the same, were proper. For it was in substance a reference, according to the practice of the court, to a master to settle the interrogatories. The settlement of the interrogatories and cross-interrogatories, however, should take place at the same time, and should form but one proceeding. The vice chancellor therefore properly disallowed the charges for fees to solicitor and counsel upon the settlement of the cross-interrogatories. The copies of the cross-interrogatories as settled, for the defendant, and to be served on the complainant's solicitor, were proper ; as a copy was necessary to be annexed to the commission. But the notice that it was a copy should have been disallowed. For a solicitor who serves a paper on the adverse party cannot be allowed an extra charge for giving him notice that the paper served is what it purports to be ; or rather, what it should purport to be. (2 *Paige's Rep.* 464.) The notice of the order to close the proofs, for the complainant's solicitor, was not necessary ; as it is not required to be given. But the notice to the examiner should have been allowed ; as it was proper to be served under the 87th rule of the court.

The copy of the opinion of the vice chancellor, after the bill was dismissed with costs, was not wanted by the defendant's solicitor for any of the purposes of the suit ; and it ought not to be charged to the adverse party, upon taxation. The charge was therefore properly rejected by the vice chancellor. It is unnecessary to make any remarks as to other items allowed or rejected by the taxing officer, and brought in ques-

tion upon these appeals from his decision. For he disposed of the objections, upon the taxation, in conformity to the fee bill, and in accordance with the settled practice of the court in similar cases.

The result of this examination of more than eighty objections to the costs as taxed, either by the one party or by the other, on these appeals, is that the vice chancellor allowed charges to the amount of eighty-seven cents which he ought to have rejected, and disallowed charges to the amount of eighty-five cents which he should have allowed to the defendant's solicitor; making the bill of costs, as taxed, two cents too much. But, to adopt a very free translation of a well known legal maxim, courts of justice do not permit the heavy artillery of the law to be used for the mere purpose of killing mosquitoes. I shall not, therefore, disturb the taxation of this bill of costs for this very unimportant error of the taxing officer. Both applications for a re-taxation must be dismissed, without costs to either party.